# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 27, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| PAMELA LAWRENCE, | * | No. 14-835V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Braden A. Blumenstiel, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 8, 2014, Pamela Lawrence ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccine she received on October 31, 2013, caused her to suffer an allergic reaction including various symptoms. On July 27, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on July 29, 2021. (ECF No. 157).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 28, 2021, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 152) ("Fees App."). Petitioner requests $27,506.34 in attorneys' fees and $2,000.00 in costs. Fees App at 3. Additionally, Petitioner incorporates her previous motion for interim attorneys' fees and costs (filed on November 28, 2017 and stayed pending a showing of reasonable basis or a resolution of the case on January 18, 2018), requesting fees of $35,766.00 and costs of $10,030.27. *Id.* Thus, the total amount requested is $75,302.61, representing $63,272.34 in fees and $12,030.27 in costs. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out-of-pocket costs. Fees App. at 3. Respondent responded to the motion on July 1, 2021, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 154). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1,

2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Braden Blumenstiel, $350.00 per hour for all work performed in this case (from 2017 to 2021); and for Mr. James Blumenstiel, $225.00 per hour for all work performed in this case (from 2014 to 2017). The rates for James Blumenstiel are reasonable and shall be awarded herein. However, the rates requested for Braden Blumenstiel require a reduction. He has previously been awarded (and billed at) $225.00 per hour for all work performed in 2017 to 2021. *See, e.g., Bailey v. Sec'y of Health & Human Servs.*, No. 15-1417V, 2021 WL 4270225, at *2 (Fed. Cl. Spec. Mstr. Aug. 18, 2021); *King v. Sec'y of Health & Human Servs.*, No. 17-625V, slip op. at 3 (Fed. Cl. Spec. Mstr. Jun. 10, 2020). The undersigned will apply the previously awarded hourly rate of $225.00 per hour to the 78.589 hours billed by Mr. Braden Blumenstiel in this matter, resulting in a reduction of $9,823.62.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds that a reduction to the hours billed is necessary. The issues in the instant motion for fees have previously been noted in awarding fees to Mr. Braden Blumenstiel. *Bailey*, 2021 WL 4270225 at *2-3. For example, James Blumenstiel has multiple billing entries in which he billed his full hourly rate for travel (e.g., entries on 1/21/14, 6/12/14, 8/12/15, 3/27/17, 6/28/17). He has also billed a minimum of a quarter hour for any task, which has led to a seemingly excessive number of hours being billed (158.96 by James Blumenstiel). The time billed by Braden Blumenstiel also has some minor issues, such as attorneys billing for paralegal tasks such as sending documents to potential experts, or excessive time billed for certain tasks (e.g., 0.3 hours to schedule a status conference on 7/30/20, 0.5 hours to e-mail a law clerk that Mr. Blumenstiel will not be in the office for a status conference on 7/24/20, 0.2 hours for a telephone call which was not answered by the client on 12/11/20).

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). The undersigned shall therefore, in the exercise of her discretion in setting reasonable fees to be awarded, reduce the request for attorney fees by five percent. Petitioner is therefore awarded final attorneys' fees of $50,776.29.

### c. Attorney Costs

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $12,030.27 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's various medical experts. Of specific concern to the undersigned are the amounts for work by Dr. Philip DeMio (a total of $5,117.95 for three reports) and Dr. James Lyons-Weiler ($4,050.00 for one report). The work product submitted by these individuals was found to be insufficient both by the undersigned and the previously assigned special master. *See* Order, dated April 4, 2017 (ECF No. 80) (noting that the reports from Dr. DeMio and Dr. Lyons-Weiler opined on areas which they were not qualified to render opinions, did not meet the *Althen* causation test, and that they submitted literature regarding GBS even though it was not relevant because Petitioner was never diagnosed with GBS); Order, dated June 30, 2017 (ECF No. 91) ("[t]he undersigned reiterated Special Master Roth's multiple past assertions that Petitioner must meet the causation test outlined in [*Althen*].").

The work product of Dr. DeMio and Dr. Lyons-Weiler have both frequently been found to be deficient by different special masters. *Dia v. Sec'y of Health & Human Servs.*, No. 14-954V, 2017 WL 2644695, at *3-4 (Fed. Cl. Spec. Mstr. May 25, 2017); *Holt v. Sec'y of Health & Human Servs.*, No. 05-136V, 2015 WL 4381588, at *16 (Fed. Cl. Spec. Mstr. Jun. 24, 2015); *Kamppi v. Sec'y of Health & Human Servs.*, No. 15-1013V, 2019 WL 5483161, at *11 (Fed. Cl. Spec. Mstr. Jul. 24, 2019); *Duncan v. Sec'y of Health & Human Servs.*, No. 16-1367V, 2020 WL 6738118, at *7 (Fed. Cl. Spec. Mstr. Oct. 19, 2020); *A.S. v. Sec'y of Health & Human Servs.*, No. 16-551V, 2019 WL 5098964, at *11 (Fed. Cl. Spec. Mstr. Aug. 27, 2019).

Similarly, in the instant case Petitioner was not well-served by the work of Dr. DeMio and Dr. Lyons-Weiler. Thus, the undersigned finds that an appropriate hourly rate for the work they performed in this case is $200.00. This reduction takes into account both the quality and the utility of the expert reports provided. Application of these rates results in a reduction of $3,908.97 (representing a reduction of $2,558.97 for Dr. DeMio and a reduction of $1,350.00 for Dr. Lyons-Weiler).

Upon review, the remainder of the costs are reasonable and supported with adequate documentation. Petitioner is therefore awarded final costs of $8,121.30.

### II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $63,272.34 |
| (Reduction to Fees) | - ($12,496.05) |
| **Total Attorneys' Fees Awarded** | **$50,776.29** |
| | |
| Attorneys' Costs Requested | $12,030.27 |
| (Reduction of Costs) | - ($3,908.97) |
| **Total Attorneys' Costs Awarded** | **$8,121.30** |

| | |
|---|---|
| **Total Attorneys' Fees and Costs** | **$58,897.59** |

**Accordingly, the undersigned awards a lump sum in the amount of $58,897.59, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Braden Blumenstiel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.